Matter of Wagt (Lehman) (2024 NY Slip Op 50749(U))

[*1]

Matter of Wagt (Lehman)

2024 NY Slip Op 50749(U)

Decided on June 18, 2024

Surrogate's Court, Queens County

Kelly, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 18, 2024
Surrogate's Court, Queens County

In the Matter of the Application of Carol Ruth Wagt and Despina Argyros for the revocation of letters issued to Carol Ruth Wagt and Bernice Henig pursuant to SCPA 707, and for Issuance of Letters of Administration c.t.a. to Carol Ruth Wagt and Despina Argyros in the Estate of Stephen Lehman, Deceased, and for the Issuance of Letters of Successor Trusteeship to Raymond James Trust, N.A.

File No. 1978-6744/A

Petitioners' Attorney:
Pinni Bohm, Esq.
Bohm Law Firm, PC
1301 Coney Island Avenue, Suite 2A
Brooklyn, New York 11230
(212)-920-5224

Peter J. Kelly, S.

By decision and order of this court dated March 8, 2024 this court granted the unopposed petition by Despina Argyros and Carol Ruth Wagt, a non-resident alien, to revoke letters of co-administration c.t.a. and successor letters of co-trusteeship issued in 2002 to Bernice Henig and Carol Ruth Wagt, and to grant successor letters of co-administration c.t.a. to the petitioners. The court also granted successor letters of trusteeship to the Raymond James Trust N.A., upon its duly qualifying.
Counsel for petitioners requests the court reconsider that part of its order which requires Raymond James Trust N.A. to "duly qualify" according to law prior to the issuance of letters of trusteeship. Rather than file a motion to vacate or modify the court order, counsel for petitioner filed an affirmation and a memo of law, supported by a copy of an e-mail from an attorney who ostensibly represents Raymond James Trust, N.A., positing that, because Raymond James Trust N.A. is a national bank, it is not subject to the mandate that a corporate trustee file certain documentation with the clerk to duly qualify as a fiduciary prior to the issuance of letters of trusteeship (see New York State Banking Law §131 [3]).
In sum, it is asserted that the requirement that Raymond James Trust N.A. file documentation to duly qualify as a fiduciary is a violation of the Supremacy Clause of the United States Constitution (US Const, art VI). Specifically, petitioner contends that the New [*2]York State law (Banking Law §131 [3]) is in clear conflict with the federal law (12 U.S.C. § 92a [a] and [b]) which grants powers to national banks to do business within the states.
In support, counsel cites two United States Supreme Court cases that determined the cited federal law pre-empted state laws that discriminated against national banks, as compared to domestic state banks (see e.g. Barnett Bank of Marion County, N.A. v Nelson, 517 U.S. 25 [1976]; Franklin National Bank of Franklin Square v New York, 347 U.S. 373 [1954]). The facts of these cases, however, are entirely different because they concerned state laws that placed substantive restrictions on national banks and impeded their ability to do business within the state.
The federal law cited by counsel provides that a national bank is authorized to act as a fiduciary in the same capacity as a state bank "when not in contravention of State or local law," and that national banks have the same power to offer fiduciary services as the state banks (12 USC § 92a (a) and (b); see e.g. Office of the Comptroller of the Currency, Corp. Decision 97-33 [June 1, 1997]; see also e.g. Barnett Bank of Marion County, N.A. v Nelson, 517 U.S. 25 [1996]).
Contrary to counsel's allegation, there is no clear conflict between the federal statute and the New York State statute in this instance (see e.g. In re Turner, 7 Misc 3d 1002 [A] [Sur Ct, Nassau County 2005]). The process of duly qualifying as a corporate fiduciary as set forth in Banking Law §131 [3] is not a restriction against a national bank or a foreign bank from doing business in New York State. Rather, it is merely a procedural step to be taken with the court clerk, so as to authenticate the identity of the professed corporate entity seeking to be appointed as the fiduciary, and to provide a method for service of process in any action or proceeding commenced against such fiduciary.
Given the above, Raymond James Trust, N.A. cannot qualify to act as a fiduciary by merely relying upon the affirmation of petitioner's counsel and the unauthenticated copy of an e-mail annexed thereto from a person who self-professes to be the attorney for the bank. Consequently, it can qualify as a fiduciary and receive letters of trusteeship by following the procedure set forth in the statute and filing with the Clerk of the court the following documents:
(a) A duly executed instrument in writing . . . of indefinite duration and irrevocable, appointing [the Clerk of the Surrogate's Court] . . . its true an lawful attorney, upon whom process in any action or proceeding against such fiduciary, affecting or relating to the estate trust or fund represented or held by such fiduciary or the acts of defaults of such corporation in reference to such estate, trust or fund may be served with the same force and effect as if it were a domestic corporation and had been lawfully served with process within the state, and
(b) A copy of its charter certified by its secretary under its corporate seal, together with the post office address of its principal office . . .
(Banking Law § 131 [3])[FN1]
Insofar as bonding is concerned, although the last will and testament does not dispense with a bond for trustees who are not nominated therein, petitioners have filed an affidavit [*3]requesting that the court dispense with the bond. Upon filing the above documentation to qualify as a fiduciary, the court shall determine the issue of waiver of the bond utilizing the same criteria as it would with any domestic banking corporation. Alternatively, petitioners may file affidavits consenting to waiver of the bond thereby eliminating this issue.
Accordingly, the application made by attorney affirmation to dispense with the clerical filings required from Raymond James Trust, N.A to duly qualify as a trustee is denied without prejudice to renew upon proper papers in conformity with the Banking Law as set forth above.
This is the decision of the court.
Dated June 18, 2024
ACTING SURROGATE

Footnotes

Footnote 1:As onerous as it may be sound, in truth, certification that Raymond James Trust, N.A. is a national bank can be obtained from the Office of the Comptroller of the Currency for a nominal fee.